EBEN D. JORDAN & another *vs.* GEORGE R. SWASEY & others.

Suffolk. May 19, 1909. — June 24, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Building Laws. Boston.*

Under § 13 of St. 1907, c. 550, containing the building laws of Boston, a covered way thirty-two feet above the ground cannot be constructed across a public street of that city to connect two buildings on opposite sides of the street, where means of egress in case of fire have been provided for the buildings in compliance with the requirements of §§ 12 and 17 of the statute without reference to a structure extending over and across the street.

PETITION, filed on April 15, 1909, for a writ of mandamus addressed to the members of the board of appeal under St. 1907, c. 550, containing the building laws of Boston, ordering them to grant an application of the petitioners for a permit to construct a covered way thirty-two feet above the ground between two buildings on opposite sides of Avon Street in Boston.

The case was heard by *Braley*, J., who reported it for determination by the full court. His report was as follows:

"At the hearing before me I found, upon the agreed oral statements of counsel, that the petitioners are the owners of tracts of land, with buildings thereon, situated on opposite sides of a public way known as Avon Street in the city of Boston. It further appeared that they filed an application, a copy of which is annexed to the respondents' answer, with the building commissioner, appointed under the statute, for permission to connect the buildings with a covered way located at a height of about thirty-two feet above the level of the street.

"I further found that the object and purpose of this covered way is to afford a convenient means of communication between the buildings and also to provide an egress from one building to the other in case of fire.

"The building commissioner denied the application, and the petitioners appealed to the respondents, by whom their petition was denied as matter of law, with an intimation that if the granting of it was discretionary the desired permission would be given.

"Upon these findings I ruled as matter of law that the petition could not be maintained, and ordered it dismissed with costs. At the request of the petitioners I now report the case to the full court. If the ruling was right the order is to be affirmed; otherwise a writ of mandamus is to issue."

The case was submitted on briefs.

*S. M. Child*, for the petitioners.

*D. D. Leahy*, for the respondents.

HAMMOND, J. The substantial question on the merits is whether the proposed covered way is permissible under St. 1907, c. 550. This statute regulates the "construction, alteration and maintenance of buildings in the city of Boston," both as respects the buildings themselves, and their relation to public streets and

squares. The thirteenth section, so far as material to the present case, runs as follows: "No part of any structure, except cornices, permanent awnings, string courses, window caps and sills, bay windows, under such terms, conditions, regulations and restrictions as may be required by the mayor and board of aldermen, and outside means of egress, as otherwise provided, . . . shall project over any public way or square." The phrase "otherwise provided" must refer to the provisions of §§ 12 and 17 of this act. Section 12 provides that "every building shall have, with reference to its height, condition, construction, surroundings, character of occupation and number of occupants, reasonable means of egress in case of fire, satisfactory to the commissioner"; and § 17 provides that "No building used above the first floor for the storage or sale of merchandise shall have less than two means of egress from every story, one of which means may be . . . an outside fire escape."

At the hearing before the board of appeal it "appeared that sufficient means of egress satisfactory to the building commissioner had been provided in the building referred to in the petition without reference to the structure extending over and across Avon Street." The requirements of §§ 12 and 17 having been met by means other than the proposed covered way, the way falls within the general prohibition of § 13. The ruling of the board of appeal was correct.

*Petition dismissed.*